**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> RESTAURANTS ACQUISITION I, LLC,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 15-12406 (KG) <br><br> **Related to Docket No. ___** |

**ORDER AUTHORIZING AND APPROVING (A) REJECTION OF
CERTAIN UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY, EFFECTIVE *NUNC PRO TUNC* TO THE
PETITION DATE, AND (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY**

Upon the motion (the "Motion")[2] of Restaurants Acquisition I, LLC, debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), pursuant to Bankruptcy Code sections 105(a), 365(a) and 554(a) and Bankruptcy Rule 6006, seeking entry of an order authorizing and approving the Debtor's (a) rejection of the Leases set forth on **Exhibit 1** attached hereto, effective *nunc pro tunc* to the Petition Date, and (b) abandonment, in the Debtor's sole discretion, of the Personal Property that may be located at the premises; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and all other parties-in-interest; and the Debtor having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the

---

[1] The Debtor's mailing address is 313 East Main Street, Suite 2, Hendersonville, TN and the last four digits of its tax identification number are 8761.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtor is authorized to reject the Leases set forth on **Exhibit 1** attached hereto, effective *nunc pro tunc* to the Petition Date.

3. Each of the Leases set forth on **Exhibit 1** attached hereto is rejected effective *nunc pro tunc* to the Petition Date.

4. Claims based on the rejection of the Leases shall be filed in accordance with the bar date for filing proofs of claim, to be established by the Court at a later date.

5. The Debtor is authorized, in its sole discretion, to abandon any Personal Property that may be located on the premises of the rejected Store location.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this order shall be deemed: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this order of the Motion; or (e) a request or authorization to assume any agreement, contract, or lease pursuant to Bankruptcy Code section 365 or any other applicable law.

7. Notice of the Motion as provided herein shall be deemed good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this order.

Dated: December ___, 2015
       Wilmington, Delaware

_____
Honorable Kevin Gross
United States Bankruptcy Judge

3

## **Exhibit 1**

**Leases**

|   | **Store No.** | **Location** | **Counterparty** | **Lease Description** |
|---|---|---|---|---|
| 1 | 2150 (Rockwall) | 2861 Ridge Road, Ste. 101 Rockwall TX | Steger Towne Crossing II, L.P. | Real Estate Lease |
| 2 | 2109 (Fuqua) | 11311 Fuqua Street, Houston, TX | Buena Vista Plaza, LLC | Real Estate Lease |
| 3 | 2089 (Katy) | 410 S. Mason Road, Katy TX | Dina Rickard, Trustee to the Dina Rickard Revocable Trust under Trust Declaration dated August 21, 2000 | Real Estate Lease |
| 4 | 2059 (1960) | 2005 FM 1960 West, Houston, TX | FFCA Acquisition Corporation | Real Estate Lease |
| 5 | 2049 (290) | 10999 Northwest Freeway, Houston, TX | CPZ Northway, LLC | Real Estate Lease |
| 6 | 2047 (Denton) | 2420 IH-35E, South, Denton, TX 76205 | Southridge Lot 1D Partners, Ltd. | Real Estate Lease |
| 7 | 2044 (City View) | 6001 SW Loop 820, Ft. Worth, TX | RPI Bryant Irvin, Ltd | Real Estate Lease |
| 8 | 2041 (Preston Park) | 1905 Preston Park, Plano TX | Captec Franchise Capital Partners L.P. III | Real Estate Lease |
| 9 | 2028 (Oakridge) | 3435 Belt Line Road, Garland, TX | Bank One Trust Co., Walter C. Richburg, as Trustee of the Arabel Rowe Dunbar Testamentary Trust dated 11/29/82 | Real Estate Lease |
| 10 | 2018 (Clearlake) | Bay Area Square Shopping Center, 160 West Bay Area Boulevard, Webster, TX | LCSSC, Ltd. | Real Estate Lease |
| 11 | 2017 (Steeplechase) | Steeplechase Shopping Center 10903 Jones Road, Houston, TX | Jones 1960 Crossroads LLC | Real Estate Lease |
| 12 | 2013 (Westchase) | Westchase Shopping Center 2675 Wilcrest Dr., Houston, TX | OKRA Properties Joint Venture | Real Estate Lease |
| 13 | 2124 (Hillsboro) | 1502 Corsicana Highway, Hillsboro, TX | U.S. Restaurant Properties | Real Estate Lease |