**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RESTAURANTS ACQUISITION I, LLC,<br><br>                           Debtor. | Chapter 7<br><br>Case No. 15-12406 (KG)<br><br>**Hearing Date: November 10, 2016 at 10:00 a.m.**<br>**Objection Deadline: November 3, 2016 at 4:00 p.m.** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER TERMINATING THE ENGAGEMENT OF BMC GROUP, INC. AS CLAIMS AND NOTICING AGENT EFFECTIVE SEPTEMBER 30, 2016**

Alfred T. Giuliano, Chapter 7 Trustee (the "Trustee") of the estate of Restaurants Acquisition I, LLC (the "Debtor"), by and through his undersigned counsel, files this motion (the "Motion") for entry of an order, substantially in the form attached as **Exhibit A** hereto (the "Order"), terminating the engagement of BMC Group, Inc. ("BMC") as claims and noticing agent. In support of this Motion, the Trustee respectfully represents as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) of the United States Code (the "Bankruptcy Code") and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**BACKGROUND**

3. On December 2, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4. The Debtor operated its business and managed its property as a Debtor-In-Possession in accordance with Sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtor operated a chain of full-service restaurants throughout Texas, largely located in the Dallas-Fort Worth and Houston metropolitan areas. As of January 1, 2015, the Debtor operated thirty (30) restaurant locations (collectively, the "Prepetition Stores"), operating under either the trade-name Black-eyed Pea or Dixie House. However, as of the Petition Date, the Debtor had ceased operations at and/or closed fifteen (15) of its Prepetition Stores. Since the Petition Date, the Debtor has closed two (2) additional Prepetition Stores.

6. On December 2, 2015, the Debtor filed its Application for Entry of an Order (I) Authorizing Employment and Retention of BMC Group, Inc. as Claims and Noticing Agent Effective *Nunc Pro Tunc* to Petition Date and (II) Granting Related Relief (the "Retention Motion") [Docket No. 5].

7. On December 4, 2015, the Court entered the Order (I) Authorizing Employment and Retention of BMC Group, Inc. as Claims and Noticing Agent Effective *Nunc Pro Tunc* to Petition Date and (II) Granting Related Relief (the "Retention Order") [Docket No. 34].

8. On September 30, 2016, the Court entered an Order converting the case from a Chapter 11 to a Chapter 7 case under the Bankruptcy Code (the "Conversion Order") [Docket No. 369].

9. On September 30, 2016, the Trustee was appointed as Chapter 7 Trustee [Docket No. 370].

**RELIEF REQUESTED**

10.  By this Motion, the Trustee seeks entry of an order, substantially in form attached as **Exhibit A**, terminating the engagement of BMC and releasing BMC as claims and noticing agent effective as of September 30, 2016.

**BASIS FOR RELIEF**

11.  Section 105(a) for the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. *Id*.

12.  Pursuant to the Retention Order, this Court approved BMC to provide the Debtor with the Claims and Noticing Services (as defined in the Retention Motion). Since its retention, BMC has continuously performed the Claims and Noticing Services.

13.  As a result of the Conversion Order, the Trustee has determined that the services of BMC are no longer needed.

14.  Accordingly the Trustee submits this Motion pursuant to Local Rule 2002-1(f) seeking entry of the Order.

**NOTICE**

15.  The Trustee has provided notice of this Motion to: (i) the Office of the United States Trustee; (ii) BMC; and (iii) any persons who have filed a request to receive documents pursuant Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

**NO PRIOR REQUEST**

16.  No prior motion for the relief sought in this Motion has been duly made by the Debtor or the Trustee to this or any other court.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A**, granting the relief requested in this Motion and any further relief as is just and proper.

Dated: October 25, 2016         */s/ David W. Carickhoff*
                                David W. Carickhoff (No. 3715)
                                Jennifer L. Dering (No. 4918)
                                ARCHER & GREINER, P.C.
                                300 Delaware Avenue, Suite 1100
                                Wilmington, DE 19801
                                Telephone: 302-777-4350
                                Facsimile: 302-777-4352
                                E-mail: dcarickhoff@archerlaw.com

                                Proposed Counsel for the Chapter 7 Trustee

115118164v1